UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HARTFORD CASUALTY INSURANCE COMPANY,

                Plaintiff,

-against-

STATE FARM FIRE AND CASUALTY COMPANY,

                Defendant.

Civil Case No. 1:23-cv-6700

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Hartford Casualty Insurance Company ("Hartford"), by and through its attorneys, as and for its Complaint against Defendant State Farm Fire and Casualty Company ("State Farm"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief, pursuant 28 U.S.C. § 2201, in which Hartford seeks a judgment declaring the respective rights, duties, and obligations of Hartford and State Farm in connection with the defense and indemnification of 1001 Sixth Associates ("1001 Sixth") and ABS Partners Real Estate LLC ("ABS Partners") in an underlying bodily injury lawsuit captioned *Sila Acosta v. 1001 Sixth Associates, et al.*, Index No. 712388/2019, commenced in the Supreme Court of the State of New York, Queens County (the "Underlying Action").

2. Hartford also seeks reimbursement from State Farm for all costs and sums that Hartford has incurred and may continue to incur to defend 1001 Sixth and ABS Partners with respect to the claims asserted against 1001 Sixth and ABS Partners in the Underlying Action.

## THE PARTIES

3. Plaintiff Hartford is a foreign corporation organized under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut.

4. Defendant State Farm is a foreign corporation organized under the laws of the State of Illinois, with its principal place of business in Bloomington, Illinois.

## JURISDICTION AND VENUE

5. This Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332, because Hartford and State Farm do not share common state citizenship, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

6. Venue properly lies in this District, pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

7. This matter arises from the Underlying Action, in which Sila Acosta ("Ms. Acosta") alleges that on or around May 31, 2019, she allegedly suffered injuries while involved in the erection, demolition, repairing, altering, cleaning or painting of buildings or structures in connection with a construction project at a property located at 101 West 37th Street, New York, New York ("Construction Project") that was allegedly owned, leased, operated, maintained, controlled, managed, repaired or constructed by defendants 1001 Sixth, ABS Partners and/or Kay Waterproofing Corp. ("Kay"). A copy of the verified complaint in the Underlying Action ("Underlying Complaint") is attached hereto as **Exhibit A**.

8. The Underlying Complaint alleges that, prior to May 31, 2019, 1001 Sixth, ABS Partners and/or Kay contracted with JRR Contracting, Inc. ("JRR") for the performance of work on the Construction Project, and hired or retained JRR to perform erection, demolition, repairing, altering, cleaning or painting of buildings or structures at the Construction Project.

9. It is further alleged that 1001 Sixth, ABS Partners and/or Kay were the general contractor, construction manager or a contractor or subcontractor, provided construction services, hired and retained contractors or subcontractors, controlled the manner and method of work being performed, were ultimately responsible for work site safety during the Construction Project.

10. Moreover, it is alleged that, on or about May 31, 2019, Ms. Acosta was lawfully on the premises as part of her involvement in the Construction Project when she was caused to suffer injuries as a result of an unsafe work environment as a result of the negligence of defendants and their employees, agents, representatives, servants and independent contractors.

11. Based on the claims asserted by Ms. Acosta in the Underlying Action, 1001 Sixth and ABS Partners filed a verified third-party complaint in the Underlying Action ("Third Party Complaint") against JRR alleging that Ms. Acosta's claims in the Underlying Action involve alleged injuries sustained while working in the scope of her employment with JRR on the Construction Project. A copy of the Third-Party Complaint is attached hereto as **Exhibit B**.

12. Amongst other things, the Third-Party Complaint alleges that to the extent Ms. Acosta allegedly suffered injuries in the time, place and manner alleged, then any such injury and damage was caused by the negligence and acts or omissions of JRR, a dangerous, defective or hazardous condition created, caused or contributed to by JRR and/or JRR's failure to remove or remediate any dangerous, defective or hazardous condition or alleged code violation.

13. JRR subsequently filed a second third-party complaint against Regalado Contracting, Inc. ("Regalado") in the Underlying Action ("Second Third-Party Complaint") acknowledging that Ms. Acosta claims that her alleged accident "occurred as the result of negligence on the part of the defendants and third-party defendant" 1001 Sixth, ABS Partners

and JRR. A copy of the Second Third-Party Complaint filed by JRR is attached hereto as **Exhibit C**.

14. JRR further alleges in its Second Third-Party Complaint that, prior to May 31, 2019, it subcontracted with Regalado to perform certain work on the Construction Project and that Ms. Acosta was employed by and performing work under the scope of her employment with Regalado on the date of her alleged accident.

15. Prior to the date of Ms. Acosta's alleged accident, JRR had entered into a contract with 1001 Sixth and ABS Partners to perform façade repairs in connection with the Construction Project ("Contract"). Relevant portions of the Contract are attached hereto as **Exhibit D**.

16. Pursuant to the insurance provision of the Contract, JRR was required to obtain both commercial general liability insurance and umbrella liability insurance naming 1001 Sixth, ABS Partners and their respective partners, officers, directors, members, employees, agents and representatives as additional insureds on such policies on a primary and non-contributory basis.

17. The Contract further required JRR to indemnify and hold harmless 1001 Sixth and ABS Partners from and against any claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of work on the Construction Project, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death to the extent caused by the negligent acts or omissions of JRR, a subcontractor, anyone directly or indirectly employed by them, or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by the indemnified parties.

18. State Farm issued an "Artisan and Service Contractor Policy" numbered 92-CK-W260-3 to JRR for the policy period March 29, 2019 to March 29, 2020, which provides

primary business liability insurance coverage with limits of $2 million per occurrence ("State Farm Primary Policy").

19. The State Farm Primary Policy extends additional insured coverage to 1001 Sixth and ABS Partners with respect to liability for bodily injury that is caused, in whole or in part, by JRR's acts or omissions or the acts or omissions of those acting on JRR's behalf in the performance of its ongoing operations for the additional insureds.

20. Pursuant to the blanket additional insured endorsement CMP-4785 of the State Farm Primary Policy, the insurance afforded to the additional insureds "shall be primary insurance" and "[a]ny insurance carried by the additional insured shall be noncontributory" with respect to the coverage provided by State Farm.

21. In addition, State Farm issued a "Commercial Liability Umbrella Policy" numbered 92-CC-F756-8 to JRR for the policy period March 29, 2019 to March 29, 2020, which provides limits of insurance of $10 million each occurrence for business liability in excess of the available limits of underlying insurance ("State Farm Umbrella Policy").

22. The State Farm Umbrella Policy extends additional insured coverage to any person or organization who qualifies as an insured under the underlying State Farm Primary Policy.

23. On multiple occasions prior to February 24, 2023, Hartford duly tendered the Underlying Action on behalf of 1001 Sixth and ABS Partners to State Farm seeking additional insured coverage and both defense and indemnification.

24. In each instance, State Farm rejected the additional insured tenders without providing any analysis referencing relevant provisions of the State Farm Primary Policy and the State Farm Umbrella Policy.

25. On February 24, 2023, Hartford sent another tender to State Farm on behalf of 1001 Sixth and ABS Partners requesting that State Farm reconsider its prior denials of additional insured coverage and demanding that State Farm honor its additional insured coverage obligations and provide both defense and indemnification to 1001 Sixth and ABS Partners.

26. In its February 24, 2023 letter, Hartford directed State Farm to the Insurance Requirements Agreement addendum to the Contract, the applicable Additional Insured endorsement form in the State Farm Primary Policy, and the fact that 1001 Sixth and ABS Partners contracted JRR to perform the building renovation on the Construction Project, JRR chose to subcontract Regalado to perform work that JRR was contracted to perform, Ms. Acosta was an employee of Regalado injured in the course of performing work JRR contracted to perform, the Underlying Complaint and Third-Party Complaint include claims of negligence on the part of JRR, and JRR's own Second Third-Party Complaint alleges negligence on the part of its subcontractor, Regalado, that performed work on its behalf.

27. By letter dated May 2, 2023, State Farm belatedly responded to the re-tender and once again improperly denied additional insured coverage and wrongfully refused to defend and/or indemnify 1001 Sixth and ABS Partners.

28. In particular, State Farm stated that 1001 Sixth and ABS Partners "may qualify as additional insureds" under the State Farm Primary Policy, but erroneously claimed that "the allegations in the underlying action do not trigger coverage under the terms of the additional insured endorsement(s) and "[a]t this time, State Farm is not aware of sufficient evidence indicating the loss was caused, in whole or in part, by the acts or omissions of JRR … as required under the terms of the applicable additional insured endorsement(s)."

29. In so doing, State Farm improperly ignored the allegations of Ms. Acosta in her Underlying Complaint, as well as the allegations of the Third-Party Complaint and JRR's own Second Third-Party Complaint, all which gave rise to a duty to defend 1001 Sixth and ABS Partner as additional insureds in light of the allegations of negligence on the part of both JRR and Regalado.

30. State Farm further wrongfully denied coverage under the State Farm Umbrella Policy in its May 2, 2023 letter, stating that 1001 Sixth and ABS Partners are entitled to coverage thereunder only to the extent either qualify as an insured and are entitled to coverage under the State Farm Primary Policy, which has not been triggered in the first place.

31. The additional insured coverage owed and afforded to 1001 Sixth and ABS Partners under the State Farm Primary Policy and State Farm Umbrella Policy in connection with the Underlying Action is primary and non-contributory with respect to any other insurance maintained by the additional insureds, including the coverage provided to them by Hartford.

32. Hartford issued Special Multi-Flex Policy number 10 UUN for the period October 6, 2018 to October 6, 2019 providing commercial general liability coverage to ABS Partners and 1001 Sixth ("Hartford Policy").

33. Coverage under the Hartford Policy is excess over any other insurance available to ABS Partners and 1001 Sixth, whether primary, excess contingent or on any other basis, where, such as here, ABS Partners and 1001 Sixth have been added as additional insureds on other policies such as the State Farm Primary Policy and State Farm Umbrella Policy.

34. As a result of State Farm's failure and refusal to honor and fulfill its obligations in assuming defense and indemnity of 1001 Sixth and ABS Partners in the Underlying Action,

Hartford has been required and forced to undertake the defense of 1001 Sixth and ABS Partners in the Underlying Action in order to protect their interests.

## FIRST CAUSE OF ACTION

35. Hartford incorporates by reference and repeats and realleges the allegations contained in Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Hartford seeks a declaratory judgment to resolve the parties' dispute concerning the insurance coverage available to 1010 Sixth and ABS Partners under the State Farm Primary Policy and State Farm Umbrella Policy in connection with the Underlying Action.

37. The State Farm Primary Policy and State Farm Umbrella Policy afford additional insured coverage to 1001 Sixth and ABS Partners pursuant to the terms and provisions of the Contract.

38. 1001 Sixth and ABS Partners are entitled to a full and complete defense and indemnification from State Farm in connection with the Underlying Action.

39. The additional insured coverage afforded to 1001 Sixth and ABS Partners under the State Farm Primary Policy and State Farm Umbrella Policy is primary to any insurance coverage that otherwise might be available to 1001 Sixth and ABS Partners under the Hartford Policy.

40. Hartford tendered the defense and indemnification of 1001 Sixth and ABS Partners in connection with the Underlying Action to State Farm.

41. State Farm wrongfully denied that the State Farm Primary Policy and State Farm Umbrella Policy afford 1001 Sixth and ABS Partners additional insured coverage in connection with the Underlying Action and refuses to defend or indemnify 1001 Sixth and ABS Partners under the State Farm Primary Policy and State Farm Umbrella Policy.

42. As a result of State Farm's breach of its policy obligations, Hartford has been defending 1001 Sixth and ABS Partners in the Underlying Action and expending sums in the furtherance of such defense.

43. Thus, an actual case or controversy exists between Hartford and State Farm concerning State Farm's duty to defend and indemnify 1001 Sixth and ABS Partners as additional insureds under the State Farm Primary Policy and State Farm Umbrella Policy on a primary and non-contributory basis in connection with the Underlying Action and fully reimburse Hartford for amounts that it has expended and continues to expend.

44. The issuance of declaratory relief by this Court will terminate this existing controversy between the parties.

45. By reason of the foregoing, Hartford is entitled to a judgment declaring that (i) 1001 Sixth and ABS Partners are additional insureds under the State Farm Primary Policy and State Farm Umbrella Policy with respect to the Underlying Action, (ii) State Farm is obligated to defend 1001 Sixth and ABS Partners in the Underlying Action, and reimburse Hartford for all defense costs incurred since the date of original tender, (iii) State Farm is obligated to indemnify 1001 Sixth and ABS Partners in the Underlying Action, and (iv) the State Farm Primary Policy and State Farm Umbrella Policy afford primary additional insured coverage to 1001 Sixth and ABS Partners in connection with the Underlying Action, and that any coverage otherwise afforded under the Hartford Policy is excess to, and non-contributory with, the coverage provided by the State Farm Primary Policy and State Farm Umbrella Policy.

## SECOND CAUSE OF ACTION

46. Hartford incorporates by reference and repeats and realleges the allegations contained in Paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. Hartford seeks to recover from State Farm all costs that Hartford has incurred and may continue to incur in connection with its defense of 1001 Sixth and ABS Partners in the Underlying Action.

48. Hartford has duly demanded that State Farm assume the defense of 1001 Sixth and ABS Partners in the Underlying Action.

49. State Farm has refused to defend 1001 Sixth and ABS Partners in the Underlying Action and has failed and/or refused to reimburse Hartford for amounts paid or to be paid by Hartford in connection with the defense of 1001 Sixth and ABS Partners in the Underlying Action.

50. As a result of the foregoing, Hartford has been damaged and is entitled to judgment against State Farm for all defense costs incurred by Hartford on behalf of 1001 Sixth and ABS Partners in connection with the Underlying Action.

## **RELIEF REQUESTED**

WHEREFORE, Hartford respectfully requests that the Court enter judgment in its favor and against State Farm as follows:

(a) Declaring that the State Farm Primary Policy and State Farm Umbrella Policy afford primary additional insured coverage to 1001 Sixth and ABS Partners in connection with the Underlying Action and that, consequently, State Farm is obligated to defend and indemnify 1001 Sixth and ABS Partners in the Underlying Action;

(b) Awarding Hartford, in an amount to be determined, all of the costs it has incurred and may incur in connection with its defense of 1001 Sixth and ABS Partners in the Underlying Action; and

(c) Granting such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Hartford hereby demands a trial by jury of any and all issues so triable.

Dated: Rye Brook, New York
September 8, 2023

> Respectfully submitted,
>
> MENZ BONNER KOMAR & KOENIGSBERG LLP
>
> By: */s/ Michael S. Komar*
> Michael S. Komar (mkomar@mbkklaw.com)
> Melissa K. Driscoll (mdriscoll@mbkklaw.com)
>
> 800 Westchester Avenue, Suite 641-N
> Rye Brook, New York 10573
> Tel.: (914) 949-0222
> *Attorneys for Plaintiff Hartford Casualty Insurance Company*